# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH

| | |
|---|---|
| ANTHONY NGUIEN, ) | Civil Action No. 3: 18-cv-0209 |
| ) | |
| Plaintiff, ) | Chief United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| v. ) | |
| ) | |
| PENNSYLVANIA DEPARTMENT OF ) | |
| CORRECTINS, et al., ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the Motion for Temporary Restraining Order, Motion for Preliminary Injunction (ECF No. 245), with brief in support (ECF No. 246) filed by Plaintiff, Anthony Nguien. For the reasons that follow, the Motion will be denied.[1]

### Background

Plaintiff, Anthony Nguien ("Plaintiff" or "Nguien"), is a state prisoner committed to the custody of the Pennsylvania Department of Corrections ("DOC") and currently confined at SCI-Somerset. The core allegation of the Third Amended Complaint is that Nguien suffers from various food allergies and that on numerous occasions he has been provided food trays that contain these food, causing severe allergic reactions which have led to the need for emergency medical treatment. (ECF No. 197). Discovery closes in this matter on February 14, 2022.

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 23, 35 and 89.

Plaintiff filed the instant motion on December 23, 2021.  The claims and relief sought in this motion closely parallel the claims and relief made by Plaintiff in his Third Amended Complaint.

Standard of Review

Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of injunctions and restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards.  As the United States Court of Appeals for the Third Circuit has explained:

> Four factors govern a district court's decision whether to issue a preliminary injunction:  (1)  whether the movant has shown a reasonable probability of success on the merits; (2)  whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo,* 16 F.3d 1363 (3d Cir. 1994) (quoting *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985)).

A preliminary injunction is not granted as a matter of right.  *Kerschner v. Mazurkewicz*, 670 F.2d 440, 443 (3d Cir. 1982).  It is an extraordinary remedy.  Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party.  As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" *Emile v. SCI-Pittsburgh*, 2006 WL 2773261 at *6 (W.D.Pa. 2006) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)).  Thus, when considering such requests, courts are cautioned that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis

2

> deleted).  Furthermore, the Court must recognize that 'an [i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.' *Plain Dealer Publishing Co. v. Cleveland Typographical Union #53,* 520 F.2d 1220, 1230 (6th Cir. 1975), *cert. denied,* 428 U.S. 909 (1977).  As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

*Emile,* 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Federal Rule of Civil Procedure 65, he must demonstrate both a reasonable likelihood of success on the merits and that he will be irreparably harmed if the requested relief is not granted.  *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998).  If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted."  *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute.  Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief. . . .

18 U.S.C. § 3626(a)(2).

Furthermore, it is well settled that "[t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on the merits." *Anderson v. Davilla*, 125 F.3d 148, 156 (3d Cir. 1997).  Therefore, in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, … [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court or at trial." *Messner v. Bunner,* 2009 WL 1406986, at *5 (W.D. Pa. 2009).

## Discussion

Judged against this exacting standards, Nguien's motion for injunctive relief fails.  The allegations made in this motion parallel or are duplicative of the claims in Nguien's Third Amended Complaint.  Under these factual circumstances, Nguien cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided by either by the Court, upon consideration of the parties' motions for summary judgment, or at trial.  Because much of the injunctive relief Nguien now seeks directly relates to the merits of some of the ultimate issues in this lawsuit, a ruling on the motion

4

might be perceived as speaking in some way to the ultimate issues in this case. In such instances, the Court should refrain from prematurely granting injunctive relief. Accordingly, at this stage of these proceedings, the Court finds that Nguien has not established that he will suffer irreparable harm if the motion is not granted. As a result, Nguien's motion for injunctive relief will be denied.

## Conclusion

For all the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order, Motion for Preliminary Injunction will be denied. An appropriate Order follows.

**AND NOW**, this 6th day of January, 2022:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, Motion for Preliminary Injunction is **DENIED.**

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:   ANTHONY NGUIEN
      NC-2764
      SCI Somerset
      1600 Walters Mill Road
      Somerset, PA 15510
      (via U.S. First Class Mail)

      All Counsel of Record
      (via ECF electronic notification)