**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**JOHNSTOWN DIVISION**

| | | |
|---|---|---|
| ANTHONY NGUIEN, | ) | |
| | ) | |
| | ) | Civil Action No. 3:18-cv-00209 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Christopher B. Brown |
| DOCTOR DELISMA, HEALTH CARE | ) | United States Magistrate Judge |
| SERVICE; RN ROXANNE PLAYSO, | ) | |
| MARGARET GORDON, PA D.O.C. | ) | |
| CLINICAL DIETITIAN; WHITMIRE, | ) | |
| DIETARY SUPERVISOR; MR. | ) | |
| GUMBY, DIETARY COORDINATOR; | ) | |
| RN ANGIE JOHNSON, DAVID HYDE, | ) | |
| CO-EXECUTOR OF THE ESTATE OF | ) | |
| BRIAN HYDE; NICKOLAS HYDE, | ) | |
| CO-EXECUTOR OF THE ESTATE OF | ) | |
| BRIAN HYDE; AND DUSTIN HYDE, | ) | |
| CO-EXECUTOR OF THE ESTATE OF | ) | |
| BRIAN HYDE; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO**
**WITHDRAW SETTLEMENT AGREEMENT AND MOTION/REQUEST FOR**
**SANCTIONS PURSUANT TO RULE 229.1, ECF NO. 383**

Christopher B. Brown, United States Magistrate Judge

Pending before the Court is the Motion to Withdraw Settlement Agreement

and Motion for Sanctions Pursuant to Rule 229.1 filed by Plaintiff, Anthony Nguien,

ECF No. 383, to which Defendants Delisma, Angie Johnson, and Roxanne Playso

filed a response in opposition, ECF No. 387, and Plaintiff filed a reply to their

response.  ECF No. 388.  As explained below, the motion will be denied.

1

## I.      Background

As the parties are familiar with the background of this case, only the facts relevant to the instant motion are repeated here.  Nguien, a state prisoner proceeding pro se, filed this § 1983 civil rights action in 2018 bringing claims relating to various allergies and intolerances to certain foods and management of his diet against a number of defendants, including the Pennsylvania Department of Corrections ("DOC") and several of its employees (collectively "the Corrections Defendants"), and also against Correct Care Solutions, the contract provider of medical services to the DOC and several of its employees, including Dr. Kansky Delisma, Angela Johnson, and Roxanne Playso (collectively, the "Medical Defendants").[1]  ECF No. 1.

On October 4, 2024, the parties participated in a judicial mediation / settlement conference conducted by Judge Robert J. Colville, which resulted in an agreement to resolve all claims against all parties.  ECF No. 366.  Nguien appeared by video and was represented by Attorney Garrett Trettel during the settlement conference.  ECF No. 366.  The terms of the settlement agreement were not placed into the record but the parties agree that under the agreement, Nguien would be paid a total of $45,000, with the Corrections Defendants paying $15,000 and the Medical Defendants paying $30,000 in satisfaction of that agreement.  ECF No. 383.

---

[1]      Wellpath, LLC, formerly known as "Correct Care Solutions," as it is named in the caption, was granted summary judgment on March 15 2023, along with its employee, PA Ellis Kaufman.  The three remaining Medical Defendants are Dr. Kansky Delisma, Angela Johnson, and Roxanne Playso.

But before the parties had signed releases, on November 11, 2024, Wellpath Holdings, Inc., filed a Voluntary Petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  ECF No. 367.  As a result of the bankruptcy petition, the case was administratively closed and stayed on November 21, 2024.  On April 30, 2025, the Bankruptcy Court entered a Confirmation Order and the automatic stay was lifted on May 8, 2025.  ECF No. 378 at 2.  As part of Wellpath's Chapter 11 Reorganization Plan, a Liquidating Trust assumed Wellpath's liability "for all General Unsecured Claims," including personal injury claims – such as those pursued by Nguien – covered by the discharge injunction.  *See* Order Confirming Ch. 11 Plan, *In re* Wellpath Holdings, No. 24-90533 (Bankr. S.D. Tex. May 1, 2025), Dkt. No. 2596 at 107 (Assumption of General Unsecured Claims by the Liquidating Trust).  The Plan also includes a Third-Party Release that precludes personal injury claims against current and former employees of Wellpath, such as Dr. Kansky Delisma, Angela Johnson, and Roxanne Playso, based on pre-petition conduct.  *Id.*, at Article IX.D.

In the interim, Nguien and the Corrections Defendants completed their portion of the settlement agreement and on November 24, 2025 the parties filed a stipulation for voluntary dismissal with prejudice.  ECF No. 381.

In this motion, Nguien seeks to withdraw from the settlement agreement with the Medical Defendants because he contends the Medical Defendants have not fulfilled their settlement obligation.  ECF No. 383, ECF No. 388.  According to

3

Nguien, it is "10 months after the stay order has been lifted," and he still has not received the settlement proceeds.  ECF No. 383, ¶ 9.  As relief, he asks this Court to grant his request for sanctions in the amount of 10% interest, to grant his request to withdraw the settlement agreement for the breach of contract and bad faith, to allow the case to proceed to trial, and to grant his request for punitive damages.  *Id.* ¶ 11.

The Medical Defendants respond Nguien is not legally entitled to withdraw from the settlement agreement as settlement was reached before the bankruptcy filing by Wellpath and because the agreement contemplated payment by Wellpath, the obligation of payment is within the bankruptcy estate and must be considered and paid by the Liquidating Trustees.  The matter is fully briefed and ripe for consideration.

## II.    Discussion

This is the third time Nguien has challenged this settlement agreement.  *See* ECF No. 370 and 379.  This third challenge meets the same fate as Nguien's prior challenges.

"A settlement agreement, voluntarily entered into, is binding on the parties." *Joseph v. W. Manheim Police Dep't.,* 131 F. App'x 833, 835 (3d Cir. 2005) (per curiam) (citing *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970)). Nguien argues he should be allowed to "withdraw the settlement agreement for the

*breach of contract and bad faith*" by the Medical Defendants because the payment of his settlement proceeds has been delayed.  ECF No. 383, ¶ 11 (emphasis added).

Because Nguien filed this case while he was incarcerated and is still committed to the custody of the Pennsylvania Department of Corrections, the Prison Litigation Reform Act ("PLRA") would apply to any claim for breach of contract.  The PLRA provides for two kinds of settlements: (1) consent degrees and (2) a private settlement agreement:

> **c)** **SETTLEMENTS.** –
>
> **(1)** **CONSENT DECREES.** –
>
> In any civil action with respect to prison conditions, the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection (a).
>
> **(2)** **PRIVATE SETTTLEMENT AGREEMENTS.** –
>
> **(A)** Nothing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief set forth in subsection (a), if the terms of that agreement are not subject to court enforcement *other than the reinstatement of the civil proceeding that the agreement settled.*
>
> **(B)** *Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law.*

18 U.S.C. § 3626(c) (emphasis added).  *See* also 18 U.S.C. § 3626(g)(6) (defining "private settlement agreement" as "an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled[.]").  The settlement agreement between

Nguien and the Medical Defendants falls within the latter category of settlements, as it is not an enforceable court order or consent decree. In essence, the PLRA limits the means by which plaintiffs may enforce a private settlement agreement to seeking relief in state court under state law, unless there is an independent basis for federal jurisdiction. With that said, however, the Court of Appeals for the Third Circuit has clarified that, although a district court lacks authority to *enforce* the terms of a private settlement agreement, the PLRA permits *reinstatement* of an underlying civil case in response to an alleged breach. *See Sanchez v. Klemm*, No. 22-3171, 2024 WL 3160362, at *1 (3d Cir. June 25, 2024).

To the extent Nguien now is seeking *reinstatement* of this case, rather than *enforcement* of the Agreement settling his claims, this is the type of relief contemplated by the PLRA. The Court of Appeals has not yet addressed the quantum of evidence that a party must present regarding an alleged breach of a private settlement in order to obtain reinstatement under Section 3626(c)(2)(A).

Nguien alleges the Medical Defendants have breached the Settlement Agreement because there has been a significant delay in him receiving his settlement money. Understandably, Nguien is frustrated because the Wellpath portion of the settlement agreement became a matter of the bankruptcy estate and he still has not received the settlement proceeds. ECF No. 383 at 2. But Nguien has not presented any facts from which the Court could conclude that the Medical Defendants have breached the terms of the settlement agreement. The obligation of

6

the payment of the settlement proceeds is within the bankruptcy estate and must be considered and paid by the Liquidating Trustees.

The Court is not unsympathetic to Nguien's position.  But to reopen this case and allow Nguien to pursue his claims anew would frustrate the intent of the bankruptcy laws and procedures.  The parties have entered into an enforceable settlement agreement, which is now part of the bankruptcy estate.  Nguien's remedy is exclusively from the Liquidating Trustees and in the bankruptcy court.

## III.    Conclusion

For these reasons, the Motion to Withdraw Settlement Agreement and Motion for Sanctions Pursuant to Rule 229.1 filed by Anthony Nguien is **DENIED.**

So **ORDERED** this 24th day of June, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    ANTHONY NGUIEN
       NC-2764
       SCI ALBION
       10745 ROUTE 18
       ALBION, PA 16475-0001
       (via U.S. First Class Mail)

       All Counsel of Record
       (via ECF electronic notification)

7